UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNARD A. ETHIER,

      Plaintiff,

v.                                CASE NO.  3:15-cv-1182-J-34JBT

UNITED STATES OF AMERICA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on its February 10, 2016 Order (Doc. 11).

For the reasons set forth herein, the undersigned respectfully recommends that

this case be **DISMISSED without prejudice**.

On October 16, 2015, the Court entered an Order (Doc. 4) which provided

in relevant part:

> In accordance with Rule 4(m) of the Federal Rules of Civil
> Procedure, Plaintiff is required to perfect service upon
> each Defendant "within 120 days after the complaint is
> filed," or, in this case, **no later than February 1, 2016**.
> Fed. R. Civ. P. 4(m).  It is Plaintiff's responsibility to
> ensure compliance with Federal Rule 4(m) and all other

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

applicable rules.  Plaintiff is informed that failure to timely or otherwise properly perfect service of process may, under some circumstances, result in the dismissal of a case in its entirety.  *See* Fed. R. Civ. P. 4(m).

(Doc. 4 at 2.)  The operative version of Federal Rule of Civil Procedure 4(m) provides in part:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

When Plaintiff failed to file proof of service within 120 days after filing the initial Complaint, the undersigned provided notice to Plaintiff that this case may be recommended for dismissal if he did not show cause in writing for his failure by February 26, 2016.  (Doc. 11 at 2.)  To date, Plaintiff has not filed any response to the Court's Order.  Nor has Plaintiff filed proof of service or even had summonses issued.

In short, Plaintiff has not shown good cause for his failure to timely serve Defendant.  The undersigned recommends that the case be dismissed without prejudice for Plaintiff's failure to perfect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for failure to prosecute pursuant to Rule

---

[2] This version of the rule, which was subsequently amended to allow only 90 days for service, was in effect at the time the initial Complaint (Doc. 1) was filed.  *See* Fed. R. Civ. P. 4(m).

3.10(a) of the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The case be **DISMISSED without prejudice**.

2.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 15, 2016.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff